**Anita E. OHLAND, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 03–3039.

United States Court of Appeals, Federal Circuit.

June 5, 2003.

Before CLEVENGER, BRYSON and DYK, Circuit Judges.

PER CURIAM.

Anita E. Ohland seeks review of the final decision of the Merit Systems Protection Board ("Board") sustaining her removal from employment with the Internal Revenue Service ("IRS") for misconduct. *Ohland v. Dep't of the Treasury,* No. CH0752020052–I–1, 2002 WL 31424787 (M.S.P.B. Oct.23, 2002). We *affirm.*

I

Ms. Ohland was charged with misconduct and removed from her position as a Contact Representative by the IRS on October 12, 2001. She appealed her removal to the Board. On February 21, 2002, after an evidentiary hearing, the administrative judge assigned to Ms. Ohland's appeal issued a decision sustaining her removal. That decision noted that Ms. Ohland did not deny the charge of unauthorized entry into taxpayer information. Unauthorized access and inspection of taxpayer records is known within the IRS as "UNAX." While employed with the IRS, Ms. Ohland received annual training on the issue of UNAX, informing her of the seriousness of the offense and of the possible severe penalties including imprisonment, fine, dismissal from employment and costs of prosecution. Ms. Ohland acknowledged that she had been informed that UNAX is a serious problem deserving of the most severe penalties.

Because Ms. Ohland admitted that she had committed UNAX, the Board found that the agency had proven its case by a preponderance of the evidence. The Board then considered and rejected her argument that the penalty of removal was too severe for the offense charged. Applying the relevant factors under *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981), the Board determined that the penalty of removal was within the tolerable limits of reasonableness.

Following denial of substantive review by the full Board, Ms. Ohland sought review in this court. We have jurisdiction under 28 U.S.C. § 1295(9).

II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1) (2000). When the Board's decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.* § 7703(c)(3).

In her petition for review to this court, Ms. Ohland does not challenge the Board's finding that she committed the offense of UNAX with which she was charged. Nor does she challenge the findings that she was on clear notice of the severe penalty for UNAX and that she showed little, if any, remorse over her violation. Further, she does not contest the Board's conclusion that Congress has indicated that dismissal from employment is a proper penalty for UNAX.

Even were we to construe Ms. Ohland's petition for review to include a challenge to the reasonableness of the removal penalty, in the light of the *Douglas* factors, we would necessarily conclude that substantial evidence supports the Board's findings that Ms. Ohland knew of the seriousness of her offense, and that such an offense would likely result in removal. We agree with the Board that removal for UNAX in this case does not exceed the bounds of reasonableness.